IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KANWAR SINGH, ) | |
| #047-071-013 ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:23-CV-192-E-BH |
| ) | |
| JIMMY JOHNSON, Warden, et al., ) | |
| Respondents. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on January 25, 2023 (doc. 3), should be **DISMISSED** without prejudice for lack of jurisdiction.

### I. BACKGROUND

Kanwar Singh (Petitioner), a native and citizen of India detained by the United States Immigration and Customs Enforcement (ICE) agency at Prairieland Detention Center (PDC), appears to challenge his final order of removal and the duration of his post-final-order-of-removal detention under 28 U.S.C. § 2241. (*See* doc. 3.) The named respondents are Jimmy Johnson, in his official capacity as Warden of PDC, PDC, ICE, and the United States Department of Homeland Security (DHS). (*See id.* at 1.)[2]

After pleading guilty in the United States District Court for the Eastern District of Virginia to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of false personation in violation of 18 U.S.C. § 912, Petitioner was sentenced to a total term of 48 months' imprisonment,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to be followed by two years of supervised release on December 14, 2018. *See Judgment in a Criminal Case*, *United States v. Singh*, No. 1:18-cr-228-LO, at 1-3 (E.D. Va. Dec. 14, 2018). He also was ordered to pay $341,000 in restitution. *See id.* at 5; *Restitution Order*, *Singh*, No. 1:18-cr-228-LO (E.D. Va. Dec. 14, 2018). Based on good conduct time, he was released from his federal sentence to ICE custody on October 26, 2021, and removal proceedings were initiated against him. (*See* doc. 3 at 10-11, 13.) The same day, Petitioner acknowledged receipt of a "Notice of Custody Determination" ordering his detention pending a final determination in his immigration case. (*See id.* at 12.) He requested a review of the custody determination by an immigration judge (IJ). (*See id.*)

In a written decision dated March 25, 2022, an IJ denied Petitioner's applications for cancellation of removal for certain permanent residents, asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed from the United States. (*See id.* at 4, 18, 21.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA), which dismissed his appeal on October 6, 2022. (*See id.* at 19-22.) On October 17, 2022, Petitioner's petition for review of the BIA's dismissal of his appeal from the IJ's order was received by the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). *See Singh v. Garland*, No. 22-60564, doc. 1-1 (5th Cir. Oct. 19, 2022). On February 23, 2023, the Fifth Circuit granted the respondent's motion to dismiss the petition for lack of jurisdiction. *See Singh*, No. 22-60564, doc. 40-2 (5th Cir. Feb. 23, 2023). A mandate has not yet issued.

## II.     JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must

presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A.   **Final Order of Removal**

Petitioner alleges only the following challenge in this § 2241 action:

Lawful permanent resident in the United States for 23 years, no previous criminal history in whole life of 55 years gay male [sic] only 1st time offender. White collar crime, no prior immigration violations, lawfully entered the United States.

(doc. 3 at 6.) These allegations appear to assert bases for challenging his final order of removal.

Following the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), "final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020); *see also Amiri v. Garland*, 854 F. App'x 598, 599 (5th Cir. 2021) (quoting 8 U.S.C. § 1252(a)(5)). To the extent Petitioner attempts to collaterally attack his final order of removal in this § 2241 action, his petition should be dismissed for lack of jurisdiction.

B.   **Prolonged Detention**

In his request for relief, Petitioner seeks "relief from my prelonged [sic] detention of 1 and 1/2 years" based on his "chronic health concerns," such as needing heart surgery, his employment, and his outstanding term of supervised release. (doc. 3 at 7.) His request for relief is liberally construed as challenging the duration of his detention.

Section 1231(a)(1)(A) of Title 8 of the United States Code provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. *See id.* § 1231(a)(1)(A). During the "removal period," the alien must be detained. *See* 8 U.S.C. §

1231(a)(2). After the expiration of the removal period, the government may continue to detain a criminal alien or release him subject to conditions of release. *Id.* § 1231(a)(6). To facilitate "uniform administration in the federal courts," the Supreme Court recognized a six-month "presumptively reasonable period of detention." *Zadvydas v Davis*, 533 U.S. 678, 701 (2001). This period begins from the date the final order of removal became administratively final.[3] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("It is presumptively constitutional for an alien to be detained for six months after a final order of removal."). A removal order becomes administratively final "upon the earlier of – (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see also Lopez-Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021).

Here, the removal order became administratively final on October 6, 2022, when the BIA dismissed Petitioner's immigration appeal. *See* 8 U.S.C. § 1101(a)(47)(B). Although the 90-day "removal period" from that date has expired, Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*." *Agyei-Kodie*, 418 F. App'x at 318. His challenge to his post-final-order-of-removal detention is premature and should be dismissed for lack of jurisdiction, without prejudice to his right to file a § 2241 petition challenging his detention after the presumptively reasonable six-month period has expired.[4] *See id.* (dismissing the petitioner's premature challenge to his continued post-final-

---

[3] The removal period may also begin on the later of (1) the date of a court's final order, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," or (2) the date the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(ii)-(iii). Neither of these circumstances applies here.

[4] To the extent Petitioner attempts to include his pre-final-order-of-removal detention in his challenge to his "prolonged [sic] detention of 1 and 1/2 years," it does not appear he challenged his pre-final-order-of-removal detention before his order of removal became final. (doc. 3 at 7.) Because the statutory basis for his current detention was triggered once his order of removal became final, he can no longer challenge the duration of his detention before

order-of-removal detention for want of jurisdiction).

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on January 25, 2023 (doc. 3), should be **DISMISSED** without prejudice for lack of jurisdiction.

**SIGNED** this 7th day of March, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

that time.  *See Agyei-Kodie*, 418 F. App'x at 318 (holding that the petitioner's claims challenging his pre-removal-order detention were moot after his removal order became final, and citing *Andrade v. Gonzales*, 459 F.3d 538, 542-43 (5th Cir. 2006)); *Ndudzi v. Perez*, 490 F. Supp. 3d 1176, 1182 (S.D. Tex. 2020) ("[B]ecause the finality of the removal order shifts the statutory basis of Petitioner's detention, Petitioner's claims [challenging her detention in the months preceding the BIA's final removal order] are improperly presented.") (internal citations omitted).

5